IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS FRANCIS STACK, JR., | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-13-1835 |
| STATE OF MARYLAND, et al., | * | |
| Defendants | * | |
| | *** | |

## ORDER

This case was transferred from the United States District Court for the Eastern District of Virginia.  In his original Complaint (ECF No. 1), Plaintiff sued the State of Maryland and the Maryland Department of Natural Resources (DNR) Police alleging he had been subjected to excessive force.  Plaintiff's claims against the State and the DNR were dismissed pursuant to the Eleventh Amendment to the United States Constitution and Plaintiff was directed to supplement his Complaint naming the individuals whom he claims are responsible for the alleged wrongdoing; the dates of the alleged incidents; and the facts supporting his claim. ECF No. 7.

Thereafter, Plaintiff filed 12 amended or supplemental complaints.  ECF Nos. 10, 12-14, 18, 20-23, 27, 29-30.  The amended complaints do nothing to shed light on Plaintiff's claim other than to demonstrate that his action for an alleged assault by DNR police officers is time-barred. Plaintiff indicates that his vessel was boarded by DNR officers in 2002 off the coast of Annapolis. He states that he was beaten by the officers.  He was subsequently charged criminally with unspecified crimes and held in the Anne Arundel County Detention Center.  Eventually, the charges were entered nolle prosequi by the State's Attorney for Anne Arundel County.  *Id*.

Plaintiff's claim regarding the alleged DNR assault must be dismissed because it has been filed outside the applicable statute of limitations.  While there is no express period of limitations

in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox*, 529 F.2d at 50. The running of the statute of limitations begins when Plaintiff knows or has reason to know of his injury. *Id*. Here, Plaintiff, at the latest, should have known of his injury in 2002 when the alleged assault occurred. Because Plaintiff failed to file the instant complaint until more than eleven years thereafter, it is clear that the statute of limitations now bars consideration of his claim.

Plaintiff's supplemental and amended complaints put forth a myriad of unrelated additional claims, some of which appear time barred while others state no federal questions. For example, Plaintiff indicates he was assaulted by New Jersey and Massachusetts marine officers on unspecified dates. ECF No. 10. Plaintiff also indicates: he is the victim of identity theft (ECF No. 10); was assaulted in a public library (ECF No. 10); the Maryland Attorney General's Office declined to pursue claims on his behalf (ECF No. 12); his claim to the Maryland Commission on Judicial Disabilities was not properly investigated (ECF No. 12, Attachment 1); an employee of Giant Food tried to take his direct express deposit card (ECF No. 12, Attachment 2); he was threatened by two unidentified males standing outside the Giant store (*Id*.); in 2002 he was assaulted, denied medical care, and confined in inhumane conditions at the Anne Arundel County Detention Center (ECF No. 13); his Public Defender failed to visit him in the detention center, failed to act on his complaints of abuse, and failed to assist in his complaints to the

Maryland Judicial Disabilities Commission (*Id*., Attachment); John R. Griffin, Secretary of the Maryland DNR, failed to reply or properly investigate his complaints regarding the alleged assault (ECF No. 14); he was denied employment by Edward Holden, President of Local Lodge No. 744 of Cleveland, Ohio, on an unspecified date due to his religious affiliation (ECF No. 18); the Annapolis Harbormaster, J.P. "Flip" Walters, threatened to make Plaintiff homeless by impounding his boat when it was anchored behind his friend's home and contacted law enforcement officials in Virginia in order to "create legal problems" for Plaintiff (ECF No. 21); Bruce Lalonde, Director of the Oasis Opportunity Center, used threatening language toward Plaintiff and refused to provide him a shower (ECF No. 23);  DNR Officer Garvey forced Plaintiff to sign two citations under the threat of arrest in 2002 (ECF No. 27); Robert Sweeney Company in Ohio deprived him of asbestos settlements (ECF No. 29); and Mary Stack Dixon of Rick River, Ohio, has participated in the theft of his identity (ECF No. 30).

Many of the clams are tangentially related to Plaintiff's original complaint regarding the 2002 assault; i.e., complaints against his public defender and the investigator for the Maryland Judicial Disabilities Commission arise from his complaints regarding the trial that resulted from the 2002 assaults.  Taken together, Plaintiff believes there is a wide-ranging conspiracy amongst residents and officials in Annapolis, the boating community along the east coast, and various employers, to cause him harm. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.   Once a claim has been stated adequately, it may be supported by showing any set of

facts consistent with the allegations in the complaint. *Id*. at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought…." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court has thoroughly examined the complaint and amendments and supplements thereto and finds that it is insufficient and does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the complaint is replete with legal statements and conclusions. If even after affording the matter a generous construction the Court cannot determine the precise nature and jurisdictional basis of the complaint, one can only imagine the difficulties which would ensue in having Defendants attempt to answer it.

It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512, (2002) (internal quotation marks omitted). Moreover, despite his many efforts, Plaintiff has failed to comply with the Court's previous order requiring supplementation. For these reasons, Plaintiff's complaint regarding the 2002 assault shall be dismissed as time-barred. Plaintiff's remaining claims shall be dismissed without prejudice.

The Court is also in receipt of several Motions for Copy Work at Government's Expense.

ECF Nos. 11, 15, 16 & 19. The materials requested are not within the Court's control to copy (United States Coast Guard Report from March 15, 2002, Anne Arundel County Social Service file, Radio Log from Annapolis Fire Department from March 15, 2002, and copies of his deleted email account), nor has he demonstrated a particularized need for the materials.

In light of the foregoing, Plaintiff's "Motion for Consideration of Lost Wages" and supplements thereto (ECF Nos. 24, 26, & 28) shall be denied.

Accordingly, it is this 7th day of November 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The complaint regarding the 2002 assault IS DISMISSED as time-barred;

2. The complaint in all other respects IS DISMISSED without prejudice;

3. Plaintiff's Motions for Copy Work at Government's Expense (ECF Nos. 11, 15, 16 & 19) ARE DENIED;

4. Plaintiff's "Motion for Consideration of Lost Wages" (ECF No. 24) IS DENIED;

5. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff; and

6. The Clerk IS FURTHER DIRECTED to CLOSE this case.

_____/s/_____
William M. Nickerson
Senior United States District Judge